IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | : | |
|---|---|---|
| RICHARD ZIRPOLI AND SHANNON ZIRPOLI, INDIVID. AND AS H/W | : : : | |
| | : | NO. 14-1863 |
| v. | : : | |
| MICHAEL CRISTOFALO; STEVE PRUSS; AND INVIDI TECHNOLOGY CORPORATION | : : | |

ORDER

AND NOW, after giving full and complete consideration to the Motion to Dismiss the Complaint, filed by all above-captioned Defendants, it is hereby ORDERED and DECREED that said Motion is GRANTED and that the Complaint is dismissed in its entirety, with prejudice.

BY THE COURT

_____

J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | : | |
|---|---|---|
| **RICHARD ZIRPOLI AND SHANNON ZIRPOLI, INDIVID. AND AS H/W** | : : : | |
| | : | NO. 14-1863 |
| v. | : : | |
| **MICHAEL CRISTOFALO; STEVE PRUSS; AND INVIDI TECHNOLOGY CORPORATION** | : : | |

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants INVIDI Technology Corporation ("INVIDI"), Michael Cristofalo ("Mr. Cristofalo"), and Steve Pruss ("Mr. Pruss") hereby file this Motion to Dismiss the Complaint filed by Richard Zirpoli ("Mr. Zirpoli" or "Plaintiff") and Shannon Zirpoli, collectively "Plaintiffs".

1. On or about March 28, 2014, Plaintiffs filed the above-captioned complaint with this Honorable Court, a copy of which is attached as Exhibit "A".

2. Count I of the Complaint alleges an age discrimination claim under the Age Discrimination in Employment Act (ADEA). Id. at ¶¶ 25-30.

3. The Complaint fails to allege, however, that Mr. Zirpoli was qualified for his position of "quality control engineer" with INVIDI. Id. at ¶ 8.

4. The Complaint also fails to allege that Mr. Zirpoli was replaced by a sufficiently younger employee to permit an inference of age discrimination, and indeed, fails to allege that he was replaced by any anyone. Id. at ¶ 22.

5. Count II of the Complaint contains an "aiding and abetting" claim under the Pennsylvania Human Relations Act ("PHRA") against Mr. Cristofalo and Mr. Pruss. Id. at ¶¶ 31-34.

6. Nowhere in the Complaint do Plaintiffs allege any facts that could cast Steve Pruss as

Mr. Zirpoli's supervisor, which is required for a valid cause of action for "aiding and abetting" under the PHRA.

7. Count II of the Complaint must be dismissed as it pertains to Mr. Pruss because Plaintiffs have failed to allege facts indicating that Mr. Pruss was Mr. Zirpoli's supervisor, as required for individual liability for "aiding and abetting" under the PHRA.

8. Count III of the Complaint purports to set forth a valid claim of loss of consortium, which is a derivative claim. Id. at ¶¶ 35-37.

9. The Complaint fails to allege, however, any underlying tort claim from which the loss of consortium claim could derive.

10. Count III of the Complaint must be dismissed because the law does not recognize a loss of consortium claim that derives from an employment statute or from a civil rights claim.

11. Paragraph 12 of the Complaint uses the term "hostile work environment", but there is no direct claim for hostile work environment under Counts I-III of the Complaint, or elsewhere in the Complaint. Compl. at ¶¶ 12, 25-37.

12. As to a potential hostile work environment claim, the Complaint is so vague and ambiguous that the Defendants could not reasonably be required to proffer a responsive pleading.

13. Therefore, at a very minimum, as provided by Fed. R. Civ. P. 12(e), Plaintiffs must provide Defendants a more definite statement of the potential hostile work environment claim.

WHEREFORE, Defendants respectfully ask this Honorable Court to dismiss the Complaint in its entirety, or in the alternative, to order Plaintiffs to provide a more definite statement identifying those claims in the Complaint.

                                        Respectfully submitted,

                                        MARGOLIS EDELSTEIN

                                        /s Christopher A. Tinari

Date: June 9, 2014                CHRISTOPHER A. TINARI, ESQUIRE
                                        MICHAEL R. MILLER, ESQUIRE
                                        The Curtis Center, Suite 400E
                                        170 S. Independence Mall W.
                                        Philadelphia, PA 19106-3337
                                        Telephone:  (215) 922-1100
                                        Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ZIRPOLI AND SHANNON ZIRPOLI, INDIVID. AND AS H/W : | |
| : | NO. 14-1863 |
| v. : | |
| : | |
| MICHAEL CRISTOFALO; STEVE PRUSS; AND : INVIDI TECHNOLOGY CORPORATION : | |

DEFENDANTS' MEMORANDUM OF LAW SUPPORTING THEIR MOTION TO
DISMISS THE COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

Defendants INVIDI Technology Corporation ("INVIDI"), Michael Cristofalo ("Mr. Cristofalo"), and Steve Pruss ("Mr. Pruss") hereby rely upon this Memorandum of Law in support of their Motion to Dismiss the Complaint filed by Richard Zirpoli ("Mr. Zirpoli" or "Plaintiff") and Shannon Zirpoli, collectively "Plaintiffs".

**I.     STATEMENT OF FACTS RELEVANT TO THE INSTANT MOTION**

On or about March 28, 2014, Plaintiffs filed the above-captioned complaint with this Honorable Court. A true and correct copy of the Complaint is attached hereto as "Exhibit A". The Judge Group, an independent staffing company, hired Plaintiff on or about November 1, 2012 and assigned Plaintiff to INVIDI, where he worked as a temporary quality control engineer. Compl. at ¶ 8. Plaintiff alleges he was sixty (60) years old at the time of this assignment. Id. at ¶ 9. According to the Complaint, during the relevant time frame in this matter, Mr. Cristofalo was "Senior Vice President of Operations" for INVIDI and Mr. Pruss was a "Senior Engineer" at INVIDI. Id. at ¶¶ 13-14. The Complaint contends that the "majority of employees" at INVIDI are "significantly younger than Plaintiff." Id. at ¶ 11.

The Complaint alleges that on or about November 23, 2013, Mr. Cristofalo accused Plaintiff of "not doing his work" and yelled "you're not doing anything. [y]ou're just sitting here talking". Id. at ¶ 13.  At about the same time, Mr. Pruss allegedly began making comments to Plaintiff that he was an "old man." Id. at ¶ 14.  Plaintiff contends he was eligible for hire as a permanent employee on May 1, 2013, but was terminated on May 23, 2013 because he was "not INVIDI material" and INVIDI is "a small company which plans to grow with younger employees." Id. at ¶¶ 19-22.

Nowhere in the Complaint does Plaintiff allege that he was qualified for the position of quality control engineer.  The Complaint contains zero allegations that Plaintiff was replaced by anyone after he was terminated, and certainly makes no mention of being replaced by a sufficiently younger employee to support an inference of age discrimination.  The Complaint also fails to allege any cause of action sounding in tort on which to base a derivative claim for loss of consortium.  The Complaint also does not state that Mr. Pruss was Plaintiff's supervisor, aside from alleging that he each acted "individually, and/or as an employee, owner, and/or doing business as Defendant INVIDI". Compl. at ¶ 6.

Lastly Plaintiff seemingly bootstraps a hostile work environment claim through Paragraph 12 of the Complaint, but does not make any claim for hostile work environment under Counts I-III of the Complaint.  Compl. at ¶¶ 12, 25-37.  Beyond this legal conclusion, there are no facts in the Complaint which, if true, would suggest an actionable hostile work environment.

**II. STANDARD OF REVIEW FOR RULE 12(B)(6) MOTION TO DISMISS**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Merely reciting the elements of a cause of action, and supporting such recitations with

conclusory statements, is not enough. Twombly, 550 U.S. at 555. Only well-pleaded facts in a complaint are assumed to be true; pleadings that are no more than mere conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679. A plaintiff must plead specific factual allegations, as neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Ultimately, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

In this case, taking the well-plead facts as true and construing the Complaint liberally, those facts alleged in the Complaint do not give rise to a plausible entitlement to relief on the claims asserted. As such, Defendants are entitled to the dismissal of Plaintiffs' claims, as described in detail below.

### III. LEGAL ARGUMENT

**A. Plaintiffs' loss of consortium claim under Count III should be dismissed because the law does not recognize that cause of action based on violations of the other spouse's rights under the ADEA and the PHRA.**

A claim for loss of consortium arises from the marital relationship and is based on the loss of a spouse's services and companionship resulting from an injury. Sprague v. Kaplan, 572 A.2d 789 (Pa.Super. 1990). Under Pennsylvania law, loss of consortium is a derivative claim, limited only to situations in which the other spouse may recover in tort. Little v. Jarvis, 219 Pa.Super. 156 (1971). This Honorable Court has held that "a spouse's right to recover under an employment statute does not support a loss of consortium claim". E.E.O.C. v. Victoria's Secret Stores, Inc., No. 02-6715, 2003 WL 21282193 at *2 (E.D. Pa. Jan. 13, 2013).

In Danas v. Chapman Ford Sales, Inc., a case brought under the ADEA and the PHRA, this Honorable Court held that "no authority suggests that civil rights violations can support loss of consortium claims". 120 F.Supp.2d 478, 489 (E.D. Pa. 2000); see also Ouitmeyer v. Southeastern

Transp. Auth., 740 F.Supp. 363, 370 (E.D. Pa. 1990) (no spousal recovery for loss of consortium based on violations of other spouse's civil rights). After Danas' tort claim for negligent infliction of emotional distress failed to survive summary judgment, the Danas court dismissed the plaintiffs' loss of consortium claims because the tort from which those claims derived was no longer a part of the case. Id. As a matter of law, the plaintiffs in Danas could not derive their loss of consortium claims from the remaining ADEA and PHRA claims. Id.

The case at bar presents similar claims: Count I is an ADEA claim; Count II is a PHRA claim; and Count III is a loss of consortium claim. Plaintiffs present no claim based in tort from which to derive their loss of consortium claim. Under the law, Plaintiffs may not properly assert a loss of consortium claim derived from the ADEA or the PHRA. As such, Plaintiffs' loss of consortium claim found in Count III of the Complaint should be dismissed.

> B. **The aiding and abetting claim against Steve Pruss should be dismissed because the Plaintiff has not alleged Mr. Pruss was a "supervisor" under the PHRA or that Mr. Pruss otherwise "aided and abetted" INVIDI's alleged discriminatory actions toward Plaintiff.**

Similar to Title VII, Section 955(a) of the PHRA establishes liability solely for employers. See Dici v. Com. of Pennsylvania, 91 F.3d 542, 552-53 (3d Cir. 1996). The PHRA goes further than Title VII to establish accomplice liability for individual employees who aid and abet a discriminatory practice by their employer. Id. Individual liability under the PHRA, however, does not attach unless "a supervisory employee can be shown to have aided and abetted the employer's discriminatory actions in violation of the PHRA". Cohen v. Temple Physicians, Inc., 11 F. Supp. 2d. 733, 737 (E.D. Pa. 1998). A supervisor is an employee empowered to take tangible employment actions against a plaintiff, that is, to effect a "'significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a

decision causing a significant change in benefits'". Vance v. Ball State University, 133 S.Ct. 2434, 2443 (2013)(citing Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998)).

As to Mr. Pruss, the Complaint makes no allegation that Mr. Pruss was Plaintiff's supervisor or that Mr. Pruss in any way "aided or abetted" INVIDI's alleged discriminatory actions. Failure to allege such facts requires that this Honorable Court dismiss Count II of aiding and abetting as pertains to Mr. Pruss. The Complaint, when defining the parties to the suit, vaguely states Mr. Pruss "acted individually, and/or as an employee, owner, and/or doing business as Defendant, ITC". Compl. at ¶ 6. The "Operative Facts" section of the Complaint only mention Mr. Pruss once, wherein it alleges that Mr. Pruss "began making comments to Plaintiff that Plaintiff was an 'old man'". Id. at ¶ 14. The Complaint makes no mention of Mr. Pruss being involved with, or having any authority regarding, the alleged adverse employment action in this case. Compl. at ¶¶ 19-22. The allegations in the Complaint pertaining to Mr. Pruss do not make out a cause of action against Mr. Pruss for "aiding and abetting liability" under the PHRA. For the above reasons, Count II against Mr. Pruss should be dismissed.

> C. **Counts I and II of the Complaint should be dismissed because Plaintiff has failed to allege that Plaintiff was qualified for the job at INVIDI and that he was replaced by a significantly younger employee, as required under the ADEA and the PHRA.**

To allege an age discrimination case, Plaintiff must set forth facts suggesting: (1) he is forty years of age or older; (2) he suffered an adverse employment action at the hands of the defendant; (3) he was qualified for the position at issue; and (4) he was replaced by an employee sufficiently younger to permit an inference of age discrimination. Cridland v. Kmart Corp., 929 F.Supp.2d 377, 385 (E.D. Pa. 2013). An ADEA plaintiff must allege he had the objective qualifications for the job, or that he was promoted after a history of satisfactory job performance. Id.; see also Hugh v. Butler

Cnty. Family YMCA, 418 F.3d 265, 268 (3d Cir. 2005). An ADEA plaintiff must also allege he was replaced by a sufficiently younger employee and that such replacement would permit an inference of age discrimination. See Cridland, 929 F.Supp.2d at 385.

Here, however, the Complaint fails to raise an inference of age discrimination where it does not suggest Plaintiff was qualified for the position with INVIDI or that he was replaced by an employee sufficiently younger than him.

Plaintiff has not alleged he would be qualified to become a full time quality control engineer. Compl. at ¶ 8. This Court should recall Plaintiff was assigned as a temporary employee only. Id. The Complaint makes no reference to his employment history or qualifications as would suggest he was qualified for a promotion. In fact, Plaintiff's Complaint alleges no facts, even in general, which would support Plaintiff's qualifications for the position with INVIDI, or for that matter, any similar position.

Plaintiff has also failed to allege facts that demonstrate he was replaced by anyone, let alone by a sufficiently younger employee to permit an inference of age discrimination. The only mention in Plaintiff's Complaint of a replacement employee is stated in vague and hypothetical terms, alleging INVIDI "is a small company which plans to grow with younger employees." Compl. at ¶ 22. Such an allegation is exactly the type of "bald assertion" and vague, conclusory statement that is not entitled to an assumption of truth. Furthermore, even if taken as true, such a statement would not be sufficient to make a showing that Plaintiff was replaced by an employee sufficiently younger to permit an inference of age discrimination because there is no allegation that Plaintiff was replaced at all. For these reasons, Count I of the Complaint for age discrimination should be dismissed, as it does not allege a valid claim of age discrimination.

> D. **Defendant moves for a more definite statement of Plaintiff's Complaint as provided by Federal Rule of Civil Procedure 12(e) so as to determine whether Plaintiffs are bringing a hostile work environment claim against Defendants.**

Under the Federal Rules, a plaintiff is required to plead "a short and plain statement of the claim" sufficient to give adequate notice of the claim to the defendant. Fed. R. Civ. P. 8(a)(2); see Foulk v. Donjon Marine Co., Inc., 144 F.3d 252 (3d Cir. 1998). If a complaint is so vague or ambiguous that the defendant could not reasonably be required to proffer a responsive pleading, Rule 12(e) entitles the defendant to move for a more definite statement of the claim before submitting a response. Fed. R. Civ. P. 12(e); see Murray v. Gencorp, Inc., 979 F.Supp. 1045, 1050 (E.D. Pa. 1997).

Should this Honorable Court not dismiss this action in its entirety, alternatively, Defendants move for a more definitive statement as provided by Fed. R. Civ. P. 12(e). In paragraph 12 of the Complaint, the Plaintiff seems to allege a hostile work environment, but does not make any claim for hostile work environment under Counts I-III of the Complaint, nor anywhere else in the Complaint. Compl. at ¶¶ 12, 25-37. Instead, the Complaint only contains a claim for disparate treatment under the ADEA, aiding and abetting under the PHRA, and loss of consortium under Pennsylvania common law. Defendants move this Honorable Court to require Plaintiffs to provide a more definitive statement as to whether Plaintiffs are bringing a hostile work environment claim against the Defendants, as is Defendants' right under Fed. R. Civ. P. 12(e).

IV. **Conclusion**

Based on the foregoing, Defendants respectfully ask this Honorable Court to dismiss the Complaint in its entirety. In the alternative, Plaintiffs should be ordered to provide a more definite statement as to any potential hostile work environment claim against Defendants.

                                      Respectfully submitted,

                                      MARGOLIS EDELSTEIN

                                      /s Christopher A. Tinari

Date: June 9, 2014                CHRISTOPHER A. TINARI, ESQUIRE
                                      MICHAEL R. MILLER, ESQUIRE
                                      The Curtis Center, Suite 400E
                                      170 S. Independence Mall W.
                                      Philadelphia, PA 19106-3337
                                      Telephone:  (215) 922-1100
                                      Attorneys for Defendants